# UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| EDWARD LARSON, | CV F 05 817 OWW SMS P |
| Plaintiff, | ORDER DISMISSING COMPLAINT WITH LEAVE TO AMEND (Doc. 1.) |
| v. | ORDER DIRECTING CLERK OF COURT TO SEND PLAINTIFF BLANK CIVIL RIGHTS FORM |
| NEUBARTH, et. al., | |
| Defendants. | |

Edward Larson ("Plaintiff") is a state prisoner proceeding pro se and in forma pauperis in this civil rights action filed pursuant to 42 U.S.C. § 1983. Plaintiff filed the instant action on June 22, 2005, naming Drs. Neubarth, Salazar, Kim and Sacks as Defendants.

**A. SCREENING REQUIREMENT**

The court is required to screen complaints brought by prisoners seeking relief against a governmental entity or officer or employee of a governmental entity. 28 U.S.C. § 1915A(a). The court must dismiss a complaint or portion thereof if the prisoner has raised claims that are legally "frivolous or malicious," that fail to state a claim upon which relief may be granted, or that seek monetary relief from a defendant who is immune from such relief. 28 U.S.C. § 1915A(b)(1),(2).

"Notwithstanding any filing fee, or any portion thereof, that may have been paid, the court shall dismiss the case at any time if the court determines that . . . the action or appeal . . . fails to state a claim upon which relief may be granted." 28 U.S.C. § 1915(e)(2)(B)(ii).

A complaint, or portion thereof, should only be dismissed for failure to state a claim upon which relief may be granted if it appears beyond doubt that plaintiff can prove no set of facts in support of the claim or claims that would entitle him to relief. See Hishon v. King & Spalding, 467 U.S. 69, 73 (1984), *citing* Conley v. Gibson, 355 U.S. 41, 45-46 (1957); see also Palmer v. Roosevelt Lake Log Owners Ass'n, 651 F.2d 1289, 1294 (9th Cir. 1981). In reviewing a complaint under this standard, the court must accept as true the allegations of the complaint in question, Hospital Bldg. Co. v. Rex Hospital Trustees, 425 U.S. 738, 740 (1976), construe the pleading in the light most favorable to the plaintiff, and resolve all doubts in the plaintiff's favor. Jenkins v. McKeithen, 395 U.S. 411, 421 (1969).

**B. SUMMARY OF COMPLAINT**

Plaintiff states in his Complaint that he was examined on A yard by Defendant Neubarth for a medical Problem. Defendant Salazar examined him on April 25, 2004, on D yard for heart pain and lungs. Defendant Kim examined him on December 24, 2004, and on December 9, 2005 for medical problems and that Defendant Sacks denied his 602 and "then down my medical arguments."

**C. CLAIMS FOR RELIEF**

The Civil Rights Act under which this action was filed provides:

> Every person who, under color of [state law] . . . subjects, or causes to be subjected, any citizen of the United States . . . to the deprivation of any rights, privileges, or immunities secured by the Constitution . . . shall be liable to the party injured in an action at law, suit in equity, or other proper proceeding for redress.

42 U.S.C. § 1983. The statute plainly requires that there be an actual connection or link between the actions of the defendants and the deprivation alleged to have been suffered by plaintiff. See Monell v. Department of Social Services, 436 U.S. 658 (1978); Rizzo v. Goode, 423 U.S. 362 (1976). The Ninth Circuit has held that "[a] person 'subjects' another to the deprivation of a

constitutional right, within the meaning of section 1983, if he does an affirmative act, participates in another's affirmative acts or omits to perform an act which he is legally required to do that causes the deprivation of which complaint is made." Johnson v. Duffy, 588 F.2d 740, 743 (9th Cir. 1978). In order to state a claim for relief under section 1983, plaintiff must link each named defendant with some affirmative act or omission that demonstrates a violation of plaintiff's federal rights.

In this case, Plaintiff has alleged insufficient facts to state a cognizable claim for relief under Section 1983. At most, Plaintiff has informed the Court that he was examined for various medical problems by the named Defendants. However, Plaintiff does not allege any facts that would give notice to the Defendants of any violation of his constitutional rights. Plaintiff requests that he be given medical treatment for all his medical problems, that he be placed near his family and that he be given a consultation with an eye doctor. Plaintiff's prayer for relief, however, sheds little light on his claims for relief. Nonetheless, the Court will provide Plaintiff with the legal authority pertaining to medical claims for relief in civil rights action. Similarly, the Court will provide Plaintiff with information regarding prison housing.

### *1. Medical Claims - Eighth Amendment*

A prisoner's claim of inadequate medical care does not constitute cruel and unusual punishment unless the mistreatment rises to the level of "deliberate indifference to serious medical needs." Estelle v. Gamble, 429 U.S. 97, 106 (1976). The "deliberate indifference" standard involves an objective and a subjective prong. First, the alleged deprivation must be, in objective terms, "sufficiently serious." Farmer v. Brennan, 511 U.S. 825, 834 (1994) (citing Wilson v. Seiter, 501 U.S. 294, 298 (1991)). Second, the prison official must act with a "sufficiently culpable state of mind," which entails more than mere negligence, but less than conduct undertaken for the very purpose of causing harm. Farmer v. Brennan, 511 U.S. at 837. A prison official does not act in a deliberately indifferent manner unless the official "knows of and disregards an excessive risk to inmate health or safety." Id.

In applying this standard, the Ninth Circuit has held that before it can be said that a prisoner's civil rights have been abridged, "the indifference to his medical needs must be

substantial. Mere 'indifference,' 'negligence,' or 'medical malpractice' will not support this cause of action." Broughton v. Cutter Laboratories, 622 F.2d 458, 460 (9th Cir. 1980), citing Estelle, 429 U.S. at 105-06. "[A] complaint that a physician has been negligent in diagnosing or treating a medical condition does not state a valid claim of medical mistreatment under the Eighth Amendment. Medical malpractice does not become a constitutional violation merely because the victim is a prisoner." Estelle v. Gamble, 429 U.S. at 106; see also Anderson v. County of Kern, 45 F.3d 1310, 1316 (9th Cir. 1995); McGuckin v. Smith, 974 F.2d 1050, 1050 (9th Cir. 1992), overruled on other grounds, WMX Techs., Inc. v. Miller, 104 F.3d 1133, 1136 (9th Cir. 1997) (en banc). Even gross negligence is insufficient to establish deliberate indifference to serious medical needs. See Wood v. Housewright, 900 F.2d 1332, 1334 (9th Cir. 1990).

As noted above, Plaintiff does not allege sufficient facts to state a medical care claim under the Eighth Amendment. Should Plaintiff wish to amend his complaint, he should refer to the above when determining which facts to provide the Court with regard to his medical care claim.

***2. Classification/Housing***

As prison inmates do not have a constitutional right to be incarcerated at a particular correctional facility or to be transferred from one facility to another, Meachum v. Fano, 427 U.S. 215, 224-25 (1976), so too do they lack the right to a prison transfer near his/her family. Davis v. Carlson, 837 F.2d 1318, 1319 (5th Cir.1988); also., Beshaw v. Fenton, 635 F.2d 239, 246 (3d Cir.1980) (transfer to facility not easily accessible to prisoner's relatives does not implicates liberty interests protected by Due Process Clause), *cert. denied,* 453 U.S. 912, 101 S.Ct. 3145 (1981).

Accordingly, to the extent Plaintiff has filed this action with the sole purpose of obtaining a prison transfer, such a claim cannot be maintained in a Section 1983 action and would require dismissal.

**D. CONCLUSION**

The Court finds that Plaintiff's complaint does not contain any claims upon which relief

can be granted under § 1983 against any of the Defendants.  The Court will provide Plaintiff with time to file an Amended Complaint curing the deficiencies identified above should he wish to do so.

Plaintiff must demonstrate in the Amended Complaint how the conditions complained of resulted in a deprivation of his constitutional rights.  See, Ellis v. Cassidy, 625 F.2d 227 (9th Cir. 1980).  The Amended Complaint must specifically state how each Defendant is involved.  Further, there can be no liability under 42 U.S.C. § 1983 unless there is some affirmative link or connection between a defendant's actions and the claimed deprivation.  Rizzo v. Goode, 423, U.S. 362 (1976); May v. Enomoto, 633 F.2d 164, 167 (9th Cir. 1980); Johnson v. Duffy, 588 F.2d 740, 743 (9th Cir. 1978).

Finally, Plaintiff is advised that Local Rule 15-220 requires that an Amended Complaint be complete in itself without reference to any prior pleading.  As a general rule, an Amended Complaint supersedes the original complaint.  See Loux v. Rhay, 375 F.2d 55, 57 (9th Cir. 1967).  Once an Amended Complaint is filed, the original Complaint no longer serves any function in the case.  Therefore, in an Amended Complaint, as in an original Complaint, each claim and the involvement of each defendant must be sufficiently alleged.  The Amended Complaint should be clearly and boldly titled "AMENDED COMPLAINT," reference the appropriate case number, and be an original signed under penalty of perjury.

**E.  ORDER**

The Court HEREBY ORDERS:

1. The Clerk of Court is DIRECTED to SEND Plaintiff a blank civil rights complaint form;
2. The Complaint is DISMISSED with leave to amend.  WITHIN THIRTY (30) days from the date of service of this order, Plaintiff SHALL:
   a. File an Amended Complaint curing the deficiencies identified by the Court in this Order, or
   b. Notify the Court in writing that he does not wish to file an Amended Complaint and pursue the action but instead wishes to voluntary dismiss

5

1  the case.

2  Plaintiff is forewarned that his failure to comply with this Order may result in a
3  Recommendation that the Complaint be dismissed pursuant to Local Rule 11-110.
4  IT IS SO ORDERED.

5  **Dated:**   **June 16, 2006**                         /s/ Sandra M. Snyder
   icido3                                      UNITED STATES MAGISTRATE JUDGE