# UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| EDWARD LARSON, | CV F   05 817 OWW SMS P |
| Plaintiff, | |
| v. | ORDER DENYING MOTION FOR MEDICAL RECORDS (Doc. 10.) |
| NEUBARTH, et. al., | |
| Defendants. | |

Edward Larson ("Plaintiff") is a state prisoner proceeding pro se and in forma pauperis in this civil rights action filed pursuant to 42 U.S.C. § 1983.  Plaintiff filed the instant action on June 22, 2005, naming Drs. Neubarth, Salazar, Kim and Sacks as Defendants.

On June 19, 2006, the Court dismissed the Complaint with leave to amend.  Plaintiff submitted his Amended Complaint (erroneously titled Second Amended complaint) on July 17, 2006, which is pending before the Court.

On January 10, 2007, Plaintiff filed a pleading titled "Motion for Medical Records."  In this Motion, Plaintiff asks for an Olsen medical review of his records.  Plaintiff appears to be concerned with events that happened at Pleasant Valley State Prison from November 2, to

1

November 7. Plaintiff does not state what year these events took place.

Plaintiff's request must be DENIED.  First, the Court has not yet opened discovery in this case and will not do so until such time as it has determined that the Complaint states cognizable claims for relief and the defendants have been served.

Second, Plaintiff may not conduct discovery relating to events that occurred after he filed this action.  Plaintiff filed this action in June of 2005, thus, should he have experienced new claims concerning medical issues that arose after that time and that do not relate to a claim raised in this action, Plaintiff may not conduct discovery.  Such allegations are not part of this action and cannot become part of the action through amendment because they were not exhausted prior to the initiation of this action in June 2005.   McKinney v. Carey, 311 F.3d 1198, 1199-1201 (9th Cir.2002) (exhaustion of administrative remedies must occur prior to filing action and may not occur while the suit is pending.)

Finally, Plaintiff does not need a Court order to conduct an Olsen review of his records. An Olsen review is an institutional procedure and thus, Plaintiff must follow institutional whatever mechanism is in place in the institution in order to request and obtain such a review. Thus, even if the allegations were part of this action and discovery were open, Plaintiff would not be able to obtain a Court order to be able to conduct an Olsen review.

Accordingly, the Court HEREBY ORDERS:

1.	The Motion for Medical Records is DENIED.

IT IS SO ORDERED.

**Dated:   January 16, 2007**             /s/ Lawrence J. O'Neill
b9ed48                          UNITED STATES MAGISTRATE JUDGE