UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| EDWARD LARSON, | 1:05-cv-00817-LJO-SMS-(PC) |
| Plaintiff, | ORDER DISMISSING FIRST AMENDED COMPLAINT WITH LEAVE TO AMEND (Doc. 9) |
| vs. | |
| NEUBARTH, et. al., | ORDER FOR CLERK TO SEND COMPLAINT FORM TO PLAINTIFF |
| Defendants. | THIRTY DAY DEADLINE TO FILE SECOND AMENDED COMPLAINT |

Edward Larson ("plaintiff") is a state prisoner proceeding pro se in this civil rights action filed pursuant to 42 U.S.C. § 1983. Plaintiff filed the instant action on June 22, 2005. The original complaint named J. Neubarth, Salazar, Kim, and H. D. Sacks as defendants. (Court Record Doc. 1.) The court screened the original complaint and issued an order dismissing the complaint with leave to amend on June 19, 2006. (Court Record Doc. 6.) On July 17, 2006, plaintiff filed a First Amended Complaint, naming James Yates, R. J. Hill, R. H. Trimble, R. Chapniek, and P. Hernon as defendants.[1] (Court Record Doc. 9.)

**A. SCREENING REQUIREMENT**

The court is required to screen complaints brought by prisoners seeking relief against a governmental entity or officer or employee of a governmental entity. 28 U.S.C. § 1915A(a). The court must dismiss a complaint or portion thereof if the prisoner has raised claims that are legally "frivolous or malicious," that fail to state a claim upon which relief may be granted, or that seek monetary relief from a defendant who is immune from such relief. 28 U.S.C. § 1915A(b)(1),(2). "Notwithstanding any filing fee, or any portion thereof, that may have been paid, the court shall

---

[1] Plaintiff inadvertently entitled the First Amended Complaint, filed on July 17, 2006, as "Second Amended Complaint." This is reflected in the Court's Record at Doc. 9.

1

dismiss the case at any time if the court determines that . . . the action or appeal . . . fails to state a claim upon which relief may be granted." 28 U.S.C. § 1915(e)(2)(B)(ii).

A complaint, or portion thereof, should only be dismissed for failure to state a claim upon which relief may be granted if it appears beyond doubt that plaintiff can prove no set of facts in support of the claim or claims that would entitle him to relief. See Hishon v. King & Spalding, 467 U.S. 69, 73 (1984), *citing* Conley v. Gibson, 355 U.S. 41, 45-46 (1957); see also Palmer v. Roosevelt Lake Log Owners Ass'n, 651 F.2d 1289, 1294 (9th Cir. 1981). In reviewing a complaint under this standard, the court must accept as true the allegations of the complaint in question, Hospital Bldg. Co. v. Rex Hospital Trustees, 425 U.S. 738, 740 (1976), construe the pleading in the light most favorable to the plaintiff, and resolve all doubts in the plaintiff's favor. Jenkins v. McKeithen, 395 U.S. 411, 421 (1969).

**B. SUMMARY OF AMENDED COMPLAINT**

Plaintiff's First Amended Complaint omits all of the defendants named in the prior complaint and names five entirely new defendants. In the First Amended Complaint, plaintiff alleges that four of the defendants, Yates, Hill, Trimble, and Harnon, delayed or denied him care for serious medical and dental problems from 2004 until 2006. Plaintiff makes no mention of the fifth defendant, Chapniek, except to name him as a defendant. Plaintiff's statement of claims is not lengthy, but it is rambling and difficult to understand. Plaintiff refers to exhibits attached to the amended complaint to clarify his claims. Plaintiff seeks injunctive relief, requesting "no medical delay" and hospital treatment for his injuries.

**C. CLAIMS FOR RELIEF**

*1. Exhibits to Amended Complaint*

Plaintiff attaches thirty-seven pages of exhibits to his First Amended Complaint. (Court Record Doc. 9.) He refers generally to the exhibits by three short notations in the body of the complaint: "Documents will prove;" "Attach Documents;" and "My Douments [*sic*] will till [*sic*] the court ." Plaintiff is informed that he may not submit exhibits in support of his amended complaint in this manner.

///

1    First, plaintiff is informed that the court cannot serve as a repository for the parties' evidence (i.e., prison or medical records, witness affidavits, etc.). The parties may not file evidence with the court until the course of litigation brings the evidence into question (for example, on a motion for summary judgment, at trial, or when requested by the court). <u>Evidence improperly submitted to the court will be stricken</u>.

   Second, with regard to exhibits intended to support a complaint, such exhibits must be attached to the complaint and must be incorporated by reference. Fed. R. Civ. Pro. 10(c). With regard to exhibits that are properly attached to the complaint, plaintiff is cautioned that it is not the duty of the court to wade through his exhibits to determine whether or not he has claims cognizable under section 1983. Rather, the court looks to the factual allegations contained in plaintiff's complaint to determine whether or not plaintiff has stated a cognizable claim for relief under section 1983. If plaintiff attaches exhibits to his complaint, he must refer specifically to each exhibit. For example, plaintiff must state "see Exhibit A" or something similar in order to alert the court to exactly which exhibit he refers. Plaintiff may not merely point the court to attached exhibits and expect that the court will read through all of the exhibits and determine to which exhibit it appears plaintiff refers. Further, if the exhibit consists of more than one page, plaintiff must refer to the specific portion of the exhibit.

   Finally, the court deems it necessary to caution plaintiff regarding the attachment of exhibits to his complaint. Although the Federal Rules of Civil Procedure allow parties to attach exhibits to their pleadings, it is the experience of this court that when prisoners proceeding without the assistance of counsel submit exhibits in support of their complaints, the exhibits serve only to confuse the record and make it much more difficult for the court to determine whether or not the prisoner has any cognizable claims for relief. As previously stated, the court looks to the factual allegations to determine whether or not the plaintiff has stated a claim for relief. The court must assume that the plaintiff's factual allegations are true. Therefore, it is unnecessary, generally, for the plaintiff to submit evidence in support of his allegations.

   In the instant action, plaintiff's best interests are served by submitting a complaint that is both clear and concise. A plaintiff's complaint must satisfy the requirement of Federal Rule of Civil

Procedure 8(a), which calls for a "short and plain statement of the claim showing that the pleader is entitled to relief." Rule 8(a) expresses the principle of notice-pleading, whereby the pleader need only give the opposing party fair notice of a claim. Conley, 355 U.S. at 45-46. Rule 8(a) does not require an elaborate recitation of every fact a plaintiff may ultimately rely upon at trial, but only a statement sufficient to "give the defendant fair notice of what the plaintiff's claim is and the grounds upon which it rests." Id. at 47. Rule 8(a) also requires that the plaintiff give notice of the relief which he seeks from the defendants.

In summary, plaintiff is informed that he may not submit exhibits in support of his complaint in this manner. For these reasons, plaintiff's exhibits attached to the First Amended Complaint shall be disregarded.

### 2.    *Linkage Requirement*

The Civil Rights Act under which this action was filed provides:

> Every person who, under color of [state law] . . . subjects, or causes to be subjected, any citizen of the United States . . . to the deprivation of any rights, privileges, or immunities secured by the Constitution . . . shall be liable to the party injured in an action at law, suit in equity, or other proper proceeding for redress.

42 U.S.C. § 1983. "Section 1983 . . . creates a cause of action for violations of the federal Constitution and laws." Sweaney v. Ada County, Idaho, 119 F.3d 1385, 1391 (9th Cir. 1997) (internal quotations omitted). "To the extent that the violation of a state law amounts to the deprivation of a state-created interest that reaches beyond that guaranteed by the federal Constitution, Section 1983 offers no redress." Id.

Section 1983 plainly requires that there be an actual connection or link between the actions of the defendants and the deprivation alleged to have been suffered by plaintiff. See Monell v. Department of Social Services, 436 U.S. 658 (1978); Rizzo v. Goode, 423 U.S. 362 (1976). "A person deprives another of a constitutional right, where that person 'does an affirmative act, participates in another's affirmative acts, or omits to perform an act which [that person] is legally required to do that causes the deprivation of which complaint is made.'" Hydrick v. Hunter, No. 03-56712, 2007 WL 2445998, *5 (9th Cir. Aug. 30, 2007) (quoting Johnson v. Duffy, 588 F.2d 740, 743 (9th Cir. 1978)). "[T]he 'requisite causal connection can be established not only by some kind

of direct, personal participation in the deprivation, but also by setting in motion a series of acts by others which the actor knows or reasonably should know would cause others to inflict the constitutional injury.'" Id. (quoting Johnson at 743-44).

Because plaintiff has failed to link the named defendants with some affirmative act or omission, plaintiff's First Amended Complaint must be dismissed. Plaintiff does not allege any facts that would give notice to the defendants of any violation of his constitutional rights. Plaintiff requests that he be sent to a medical or mental hospital for treatment of injuries including hernias and a head injury. However, neither plaintiff's statement of claim nor his prayer for relief clarifies the basis of his claims for relief. Therefore, the court will again provide plaintiff with the legal authority pertaining to medical claims for relief in a civil rights action.

### 3. *Medical Claims - Eighth Amendment*

A prisoner's claim of inadequate medical care does not constitute cruel and unusual punishment unless the mistreatment rises to the level of "deliberate indifference to serious medical needs." Estelle v. Gamble, 429 U.S. 97, 106 (1976). The "deliberate indifference" standard involves an objective and a subjective prong. First, the alleged deprivation must be, in objective terms, "sufficiently serious." Farmer v. Brennan, 511 U.S. 825, 834 (1994) (citing Wilson v. Seiter, 501 U.S. 294, 298 (1991)). Second, the prison official must act with a "sufficiently culpable state of mind," which entails more than mere negligence, but less than conduct undertaken for the very purpose of causing harm. Farmer, 511 U.S. at 837. A prison official does not act in a deliberately indifferent manner unless the official "knows of and disregards an excessive risk to inmate health or safety." Id.

In applying this standard, the Ninth Circuit has held that before it can be said that a prisoner's civil rights have been abridged, "the indifference to his medical needs must be substantial. Mere 'indifference,' 'negligence,' or 'medical malpractice' will not support this cause of action." Broughton v. Cutter Laboratories, 622 F.2d 458, 460 (9th Cir. 1980), citing Estelle, 429 U.S. at 105-06. "[A] complaint that a physician has been negligent in diagnosing or treating a medical condition does not state a valid claim of medical mistreatment under the Eighth Amendment. Medical malpractice does not become a constitutional violation merely because the victim is a

prisoner." Estelle, 429 U.S. at 106; see also Anderson v. County of Kern, 45 F.3d 1310, 1316 (9th Cir. 1995); McGuckin v. Smith, 974 F.2d 1050, 1050 (9th Cir. 1992), overruled on other grounds, WMX Techs., Inc. v. Miller, 104 F.3d 1133, 1136 (9th Cir. 1997) (en banc). Even gross negligence is insufficient to establish deliberate indifference to serious medical needs. See Wood v. Housewright, 900 F.2d 1332, 1334 (9th Cir. 1990).

As noted above, plaintiff does not allege sufficient facts to state a medical care claim under the Eighth Amendment. Should plaintiff wish to amend his complaint, he should refer to the above when determining which facts to provide the court with regard to his medical care claim.

### *4. Injunctive Relief*

In the prayer for relief of the First Amended Complaint, plaintiff requests to be sent to a medical or mental hospital "[without] delay" for treatment of his injuries. In the event that plaintiff should intend to request a preliminary injunction, the court will provide the legal authority pertaining to such relief.

The purpose of a preliminary injunction is to preserve the status quo if the balance of equities so heavily favors the moving party that justice requires the court to intervene to secure the positions until the merits of the action are ultimately determined. University of Texas v. Camenisch, 451 U.S. 390, 395 (1981). A preliminary injunction is available to a plaintiff who "demonstrates either (1) a combination of probable success and the possibility of irreparable harm, or (2) that serious questions are raised and the balance of hardship tips in its favor." Arcamuzi v. Continental Air Lines, Inc., 819 F. 2d 935, 937 (9th Cir. 1987). Under either approach the plaintiff "must demonstrate a significant threat of irreparable injury." Id. Also, an injunction should not issue if the plaintiff "shows no chance of success on the merits." Id. At a bare minimum, the plaintiff "must demonstrate a fair chance of success of the merits, or questions serious enough to require litigation." Id.

Federal courts are courts of limited jurisdiction, and as a preliminary matter, the court must have before it an actual case or controversy. City of Los Angeles v. Lyons, 461 U.S. 95, 102, 103 S.Ct. 1660, 1665 (1983); Valley Forge Christian Coll. v. Ams. United for Separation of Church and State, Inc., 454 U.S. 464, 471, 102 S.Ct. 752, 757-58 (1982); Jones v. City of Los Angeles, 444 F.3d

1118, 1126 (9th Cir. 2006). If the court does not have an actual case or controversy before it, it has no power to hear the matter in question. Id.

In this instance, there is not yet an actual case or controversy before the court. Plaintiff will not be entitled to proceed until the court screens his complaint and makes a finding that it states cognizable claims for relief under federal law against one or more of the named defendants. Once that occurs, the court will not have any jurisdiction over the named defendants until they are served with process and make an appearance in this action.

Plaintiff is further informed that "a preliminary injunction is an extraordinary and drastic remedy, one that should not be granted unless the movant, *by a clear showing*, carries the burden of persuasion." Mazurek v. Armstrong, 520 U.S. 968, 972 (1997) (quotations and citations omitted) (emphasis in original). A party seeking a preliminary injunction simply cannot prevail when that motion is unsupported by evidence.

**D. CONCLUSION**

The court finds that plaintiff's First Amended Complaint does not contain any claims upon which relief can be granted under section 1983 against any of the defendants. Under Rule 15(a) of the Federal Rules of Civil Procedure, leave to amend 'shall be freely given when justice so requires.'" In addition, "[l]eave to amend should be granted if it appears at all possible that the plaintiff can correct the defect." Lopez v. Smith, 203 F.3d 1122, 1130 (9th Cir. 2000) (internal citations omitted). The court will provide plaintiff with time to file a Second Amended Complaint curing the deficiencies identified above should he wish to do so.

Plaintiff must demonstrate in the Second Amended Complaint how the conditions complained of resulted in a deprivation of his constitutional rights. See, Ellis v. Cassidy, 625 F.2d 227 (9th Cir. 1980). The Second Amended Complaint must specifically state how each defendant is involved. Further, there can be no liability under 42 U.S.C. § 1983 unless there is some affirmative link or connection between a defendant's actions and the claimed deprivation. Rizzo, 423 U.S. at 362; May v. Enomoto, 633 F.2d 164, 167 (9th Cir. 1980); Johnson, 588 F.2d at 743.

Plaintiff should note that although he has been given the opportunity to amend, it is not for the purposes of adding new defendants relating to issues arising after June 22, 2005. In

addition, plaintiff should take care to include only those claims that have been exhausted prior to the initiation of this suit on June 22, 2005.

Finally, plaintiff is advised that Local Rule 15-220 requires that an amended complaint be complete in itself without reference to any prior pleading. As a general rule, an amended complaint supersedes the original complaint. See Loux v. Rhay, 375 F.2d 55, 57 (9th Cir. 1967). Once an amended complaint is filed, the original complaint no longer serves any function in the case. Therefore, in an amended complaint, as in an original complaint, each claim and the involvement of each defendant must be sufficiently alleged. The Second Amended Complaint should be clearly and boldly titled "SECOND AMENDED COMPLAINT," refer to the appropriate case number, and be an original signed under penalty of perjury.

**E. ORDER**

The court HEREBY ORDERS:

1. The Clerk of Court is DIRECTED to send plaintiff a blank civil rights complaint form;
2. Plaintiff's exhibits attached to the First Amended Complaint are DISREGARDED;
3. The First Amended Complaint is DISMISSED with leave to amend. WITHIN THIRTY (30) days from the date of service of this order, plaintiff SHALL:
   a. File a Second Amended Complaint curing the deficiencies identified by the court in this order, or
   b. Notify the court in writing that he does not wish to file a Second Amended Complaint and pursue the action but instead wishes to voluntarily dismiss the case.

Plaintiff is forewarned that his failure to comply with this order may result in a recommendation that this action be dismissed pursuant to Local Rule 11-110.

IT IS SO ORDERED.

**Dated:   October 23, 2007**              /s/ Sandra M. Snyder
                                           UNITED STATES MAGISTRATE JUDGE