# UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| EDWARD LARSON,<br><br>        Plaintiff,<br><br>    v.<br><br>DR. J. NEUBARTH, et al.,<br><br>        Defendants.<br>_____/ | CASE NO. 1:05-cv-00817-LJO-SMS PC<br><br>ORDER DISMISSING ACTION, WITH PREJUDICE, FOR FAILURE TO STATE A CLAIM, AND DIRECTING CLERK OF THE COURT TO CLOSE ACTION<br><br>(Doc. 17) |

**Screening Order**

**I.     Procedural History**

Plaintiff Edward Larson ("Plaintiff"), a state prisoner proceeding pro se, filed this civil rights action pursuant to 42 U.S.C. § 1983 on June 22, 2005. On June 19, 2006, the Court dismissed the complaint for failure to state any claims upon which relief may be granted. Plaintiff filed an amended complaint on July 17, 2006, and it was dismissed for failure to state any claims on October 23, 2007. Pending before the Court is Plaintiff's second amended complaint, filed on December 21, 2007.

**II.    Screening Requirement**

The Court is required to screen complaints brought by prisoners seeking relief against a governmental entity or officer or employee of a governmental entity. 28 U.S.C. § 1915A(a). The Court must dismiss a complaint or portion thereof if the prisoner has raised claims that are legally "frivolous or malicious," that fail to state a claim upon which relief may be granted, or that seek monetary relief from a defendant who is immune from such relief. 28 U.S.C. § 1915A(b)(1),(2).

"Rule 8(a)'s simplified pleading standard applies to all civil actions, with limited exceptions," none of which applies to section 1983 actions. Swierkiewicz v. Sorema N. A., 534 U.S. 506, 512 (2002); Fed. R. Civ. P. 8(a). Pursuant to Rule 8(a), a complaint must contain "a short and plain statement of the claim showing that the pleader is entitled to relief . . . ." Fed. R. Civ. P. 8(a). "Such a statement must simply give the defendant fair notice of what the plaintiff's claim is and the grounds upon which it rests." Swierkiewicz, 534 U.S. at 512. However, "the liberal pleading standard . . . applies only to a plaintiff's factual allegations." Neitze v. Williams, 490 U.S. 319, 330 n.9 (1989). "[A] liberal interpretation of a civil rights complaint may not supply essential elements of the claim that were not initially pled." Bruns v. Nat'l Credit Union Admin., 122 F.3d 1251, 1257 (9th Cir. 1997) (quoting Ivey v. Bd. of Regents, 673 F.2d 266, 268 (9th Cir. 1982)).

### III. Plaintiff's Eighth Amendment Medical Care Claims

#### A. Summary of Second Amended Complaint

Plaintiff is currently housed at Salinas Valley State Prison. Plaintiff's claims arise from events that occurred when he was housed at Pleasant Valley State Prison. Although Plaintiff does not specifically allege an Eighth Amendment claim, his allegations and prayer for relief relate to his medical issues, which fall within the protection of the Eighth Amendment. (Doc. 17, 2nd Amend. Comp., § IV.) Plaintiff alleges delays in receiving treatment and denial of care, which resulted in pain, suffering, and other problems. (Id.) Plaintiff seeks further medical and mental health care, diagnostic testing and treatment for Hepatitis C, placement near his family, and either the cessation of elder abuse or release to a VA hospital. (Id., § V.)

#### B. Claim Requirements

Under section 1983, Plaintiff is required to show that the defendants (1) acted under color of state law, and (2) committed conduct which deprived Plaintiff of a federal right. Hydrick v. Hunter, 500 F.3d 978, 987 (9th Cir. 2007). "A person deprives another of a constitutional right, where that person 'does an affirmative act, participates in another's affirmative acts, or omits to perform an act which [that person] is legally required to do that causes the deprivation of which complaint is made.'" Id. at 988 (quoting Johnson v. Duffy, 588 F.2d 740, 743 (9th Cir. 1978)). "[T]he 'requisite causal connection can be established not only by some kind of direct, personal

participation in the deprivation, but also by setting in motion a series of acts by others which the actor knows or reasonably should know would cause others to inflict the constitutional injury.'" Id. (quoting Johnson at 743-44).

"[T]o maintain an Eighth Amendment claim based on prison medical treatment, an inmate must show 'deliberate indifference to serious medical needs.'" Jett v. Penner, 439 F.3d 1091, 1096 (9th Cir. 2006) (quoting Estelle v. Gamble, 429 U.S. 97, 106, 97 S.Ct. 295 (1976)). The two part test for deliberate indifference requires Plaintiff to show (1) "'a serious medical need' by demonstrating that 'failure to treat a prisoner's condition could result in further significant injury or the unnecessary and wanton infliction of pain,'" and (2) "the defendant's response to the need was deliberately indifferent." Jett, 439 F.3d at 1096 (quoting McGuckin v. Smith, 974 F.2d 1050, 1059 (9th Cir. 1992), overruled on other grounds, WMX Techs., Inc. v. Miller, 104 F.3d 1133, 1136 (9th Cir. 1997) (en banc) (internal quotations omitted)). Deliberate indifference is shown by "a purposeful act or failure to respond to a prisoner's pain or possible medical need, and harm caused by the indifference." Id. (citing McGuckin, 974 F.2d at 1060). Deliberate indifference may be manifested "when prison officials deny, delay or intentionally interfere with medical treatment, or it may be shown by the way in which prison physicians provide medical care." Id. (citing McGuckin at 1060 (internal quotations omitted)). Where a prisoner is alleging a delay in receiving medical treatment, the delay must have led to further harm in order for the prisoner to make a claim of deliberate indifference to serious medical needs. McGuckin at 1060 (citing Shapely v. Nevada Bd. of State Prison Comm'rs, 766 F.2d 404, 407 (9th Cir. 1985)).

Plaintiff's allegations are very vague and conclusory. For example, Plaintiff alleges that Warden Yates denied his "appeal on inadequate medical information," which caused a delay in getting medical care, and Associate Warden Hill denied "xray care for hernia heart care." (2nd Amend. Comp., § IV.) Although accepted as true, the "[f]actual allegations must be [sufficient] to raise a right to relief above the speculative level . . . ." Bell Atlantic Corp. v. Twombly, 127 S.Ct. 1955, 1965 (2007) (citations omitted). At most, Plaintiff's allegations suggest a difference of opinion between Plaintiff and prison officials over his medical needs, which does not rise to the level of a constitutional violation. Franklin v. Oregon, 662 F.2d 1337, 1344 (9th Cir. 1981). Because

3

Plaintiff's second amended complaint does not set forth any facts linking any named defendants to an act or omission that would support a claim that the defendant "[knew] of and disregard[ed] an excessive risk to [Plaintiff's] health or safety," Farmer v. Brennan, 511 U.S. 825, 837 (1994), Plaintiff fails to state a claim upon which relief may be granted under section 1983.

### IV.     Conclusion and Order

For the reasons set forth herein, the Court finds that Plaintiff's second complaint fails to state any cognizable claims under section 1983. On two prior occasions Plaintiff was given notice of these deficiencies and provided with the applicable legal standards, but Plaintiff has not been able to state any claims. Noll v. Carlson, 809 F.2d 1446, 1448-49 (9th Cir. 1987). Therefore, this action is HEREBY DISMISSED, with prejudice, for failure to state a claim upon which relief may be granted under section 1983. The Clerk of the Court SHALL close this action.

IT IS SO ORDERED.

**Dated:     January 28, 2009**              **/s/ Lawrence J. O'Neill**
                                            UNITED STATES DISTRICT JUDGE